IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERYL HEIM :  CIVIL ACTION
 :
v. :
 :
LIFE INSURANCE COMPANY :
OF NORTH AMERICA : NO. 10-1567

## MEMORANDUM AND ORDER

Ditter, J. December 22, 2010

This is a denial of disability benefits case and is governed by the Employees Retirement Income Security Act ("ERISA"). Plaintiff, Sheryl Heim, seeks to depose James Sharp, an appeal claim manager[1] for defendant, Life Insurance Company of North America ("LINA"). Heim also seeks LINA's entire underwriting file for her employer, The Reading Hospital Medical Center, via a request for production of documents. LINA filed the pending motion for a protective order to prevent this discovery and limit my review to that of the administrative record. For the reasons that follow, I will deny LINA's motion for a protective order in part to permit Heim to take the deposition she seeks, but I will grant the motion to protect LINA from producing its entire underwriting file for the hospital.

### Factual Background[2]

Heim was employed as a nurse by The Reading Hospital Medical Center from April 1, 1996, to January of 2009. Heim was insured under a long term disability policy issued by LINA.

---

[1] LINA describes Sharp as an "Appeal Claim Manager" in its motion for protective order (p.2), but I note that in the letter denying Heim's second appeal, the title under Sharp's signature is "Appeals Specialist." Compl. Ex. J.

[2] All facts are taken from the complaint and the attachments to the complaint.

Heim was diagnosed with autoimmune collagen vascular disease and Sjögren's Syndrome, a chronic inflammatory disorder, well before her employment with the hospital. In 2008, Heim suffered from increasing ailments and applied for long term disability benefits pursuant to the terms of the policy. Heim's rheumatologist submitted a Disability Management Solutions Medical Request Form, noting her condition as polyarthralgia, Sjögren's Syndrome, cognitive impairment, and fatigue, and stating she is "unable to perform [work] due to cognitive problems." LINA denied Heim's claim and she twice appealed the denial via LINA's appeal process. LINA denied both appeals based on a finding that Heim did not "meet the definition of total disability."

## The Policy

The policy states that the insured "must provide the Insurance Company . . . satisfactory proof of Disability before benefits will be paid. . . . The Insurance Company will require continued proof of the Employee's Disability for benefits to continue." Compl. Ex. A. at 13. The policy further provides that its contract with the insured shall be "made up of the Policy, the application of the Employer, a copy of which is attached to the Policy, and the applications, if any, of the Insured." *Id.* at 20. Any change in the policy must be "approved by an executive officer of the Insurance Company. This approval must be endorsed on, or attached to, the Policy." *Id.* at 21.

LINA attached a copy of the Employee Welfare Benefit Plan Appointment of Claim Fiduciary Form to its motion for a protective order and asserts that this form is a "plan document" that confers discretion on LINA. Def.'s Mot. for Protective Order at 7-8. The form

provides that the "Claim Fiduciary[3] shall have the authority, in its discretion, to interpret the terms of the Plan, including the Policies, to decide questions of eligibility for coverage or benefits under the Plan, and to make any findings of fact." Def.'s Mot. for Protective Order Ex. 3. However, the Claim Fiduciary Form also requires that "Plan Administrator shall include the foregoing in Summary Plan Descriptions furnished to Participants" and "shall provide Claim Fiduciary with copies of its Summary Plan Description for use of the Claim Fiduciary in discharging its duties as such." *Id.*

The Claim Fiduciary Form is not dated and Heim asserts that the form "was not attached to the policy" and "was not a part of the claim file that [she] was provided." Plf.'s Opp'n Br. at 5. Heim further states that "LINA has not produced the [Summary Plan Description]." *Id.* at 6. LINA has failed to contradict these points, but has instead simply provided a legible copy of the Claim Fiduciary Form, that is non-responsive to Heim's contentions. LINA's omission is notable in light of its reliance on *Raybourne v. CIGNA Life Insurance Co. of New York*, 576 F.3d 444, 448-49 (7th Cir. 2009), where the Seventh Circuit considered a claim fiduciary form a plan document because the grant of discretion was "*described in the SPD furnished to [the relevant] employees.*" (Emphasis added). Thus, I will not consider the Claim Fiduciary Form as part of the contract for the purposes of assessing LINA's motion for a protective order.

## The Standard of Review

A de novo standard of review applies to all claims brought pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), "unless the benefit plan gives the administrator or fiduciary discretionary

---

[3] The "Claim Fiduciary" are the companies appointed to review the claims for benefits under the plan.

authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "As 'the proper standard of review of a trustee's decision depends on the language of the instrument creating the trust,' we look to the terms of the policy itself . . ." *Sivalingam v. Unum Provident Corp.*, No. 09-4702, 2010 U.S. Dist. LEXIS 65455, *9 (E.D. Pa. July 1, 2010) (quoting *Conkright v. Fommert*, 130 S. Ct. 1640, 1646 (2010)). "If the Plan grants the administrator the [discretionary] authority to determine eligibility, [the court] review[s] a denial of benefits under an 'arbitrary and capricious' standard." *Orvosh v. Program of Group Ins. for Salaried Employees of Volkswagen of Am., Inc.*, 222 F.3d 123, 129 (3d Cir. Pa. 2000). *See also, Caprio v. Bell Atlantic Sickness & Accident Plan*, No. 00-cv-6155, 2002 U.S. Dist. LEXIS 12152, *8 (E.D. Pa. May 31, 2002) (applying arbitrary and capricious standard and allowing limited discovery regarding the alleged conflict of interest).

However, "'[d]iscretionary authority' is not conferred by the mere fact that a plan requires a determination of eligibility or entitlement by the plan administrator." *Elms v. Prudential Ins. Co. Of Am.*, No. 06-5127, 2008 U.S. Dist. LEXIS 76917, *46-47 (E.D. Pa. Oct. 2, 2008) (permitting limited discovery beyond the administrative record relating to the insurance company's conflict of interest).

This policy's requirement of "satisfactory proof" does not create the type of discretion that dictates an arbitrary and capricious standard of review. *See Farina v. Temple Univ. Health Sys. Long Term Disability Plan*, No. 08-2473, 2009 U.S. Dist. LEXIS 36166, *39 (E.D. Pa. Apr. 28, 2009). In *Farina*, the Court addressed nearly identical policy language and held:

> [L]anguage stating that '[s]atisfactory proof of Disability must be provided to the Insurance Company [LINA] . . . before benefits will be paid,' could mean either that a beneficiary must provide to LINA proof that is objectively satisfactory or that the

4

beneficiary must provide LINA with proof that LINA concludes is satisfactory. Given this ambiguity, the Plan must be construed in favor of Plaintiff.

*Id. See also, Adams v. Life Ins. Co. Of N. Am.*, No. 08-2683, 2009 U.S. Dist. LEXIS 68135, *20 (E.D. Pa. Aug. 5, 2009) (applying de novo standard where plan required "satisfactory proof").

LINA's reliance on *Schlegel v. Life Insurance Co. of North America*, 269 F. Supp. 2d 612 (E.D. Pa. 2003), to support its argument for an arbitrary and capricious standard is misplaced. Def.'s Mot. for Protective Order at 4. In *Schlegel*, unlike here, "it [was] undisputed that the policy at issue endows the plan administrator discretion in determining benefit eligibility." 269 F. Supp. 2d at 617. Furthermore, where "the policy language is ambiguous, we construe it in favor of the insured." *Sivalingam*, 2010 U.S. Dist. LEXIS 65455 at *9. Therefore, I will review the denial of benefits de novo.

## Permissible Discovery

"The general rule is that a court reviewing an ERISA benefits decision is limited to the administrative record." *Bair v. Life Ins. Co. of N. Am.*, 263 F.R.D. 219, 224 (E.D. Pa. 2009). However, "de novo review over an ERISA determination between beneficiary claimants is not limited to the evidence before the Fund's Administrator." *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184-1185 (3d Cir. Pa. 1991). Furthermore, "limited discovery is permitted in numerous jurisdictions to demonstrate and probe conflicts of interest as a factor in reviewing benefits decisions." 263 F.R.D. at 224-25 (citing cases).

In *Bair*, the court applied a de novo standard of review and permitted the plaintiff to take a limited deposition of the defendant's appeal claim manager, restricting questioning to the specific areas that the plaintiff contended were relevant to determining whether a procedural

5

conflict existed. *Id.* at 225-26. Here, just as in *Bair*, Heim seeks to depose an appeal claim manager "to explore bias and both procedural and structural conflicts." Def.'s Mot. at 10 (quoting Joint Discovery Plan).

Similarly, in *Security Mutual Life Insurance Co. of New York v. Joseph*, No. 06-cv-4804, 2007 U.S. Dist. LEXIS 47664, *22-23 (E.D. Pa. July 2, 2007), the insured was permitted to take limited discovery to enable the court to determine whether a conflict of interest existed, and the influence the conflict may have had, so the proper standard of review could be applied to the insured's claim of wrongful denial of benefits.

LINA misconstrues the holding in *Joseph* in its attempt to prevent discovery beyond the administrative record. Def.'s Mot. for Protective Order at 10. In *Joseph*, the Honorable James K. Gardner made clear that the court must make a threshold determination of whether the structure of the plan administration presents a conflict of interest. *Id.* at *15. However, the court then clarified that "where an ERISA administrator hires an outside insurance company which both funds and administers benefits, the administrator acts under an *inherent conflict of interest.*" *Id.* (emphasis added). Here, LINA "concedes that it both administers and pays claims under the Policy" and that there is "structural conflict." Def's Mot. For Protective Order at 10. This is more than a "mere allegation" of a conflict and, because there is an inherent conflict, there is no

need for the "special indicia of a conflict" as required by other plan structures.[4] *Joseph*, 2007 U.S. Dist. LEXIS 47664 at *15.

Heim's limited request to depose the appeal claim manager who denied her second appeal is reasonable and LINA's motion for protective order is denied in part. However, Heim's request for LINA's Reading Hospital and Medical Center underwriting file is overly broad and not tailored to assess potential procedural and structural conflicts and the influence of such conflicts on the denial of her claim for benefits. LINA has produced its underwriting file for Heim and Heim has not suggested why she needs the entire underwriting file of the hospital. LINA's motion for a protective order is granted in part. An appropriate order follows.



---

[4] In *Joseph*, the court noted that "an inherent conflict of interest of an insurer that both funds and administrates an ERISA plan may be ameliorated where the plan is experience-rated." *Joseph*, 2007 U.S. Dist. LEXIS 47664 at *21. LINA has not asserted that the plan at issue is experience-rated, and regardless, "the fact that a plan is experience-rated is a *factor* which relates to the analysis of the appropriate standard of review and *is not an absolute bar to discovery* related to the alleged conflict of interest." *Id.* (emphasis added).