IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERYL HEIM | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | : | NO.  10-1567 |

MEMORANDUM

Ditter, J.                                                                                                                                                               April 26th, 2012

      Purusant to ERISA, Sheryl Heim prevailed over the Life Insurance Company of North America ("LINA") on her claim for payment of long-term disability benefits.  She now seeks attorneys' fees.  The award of fees is at my discretion and involves my balancing and weighing the following factors: (1) LINA's culpability or bad faith; (2) LINA's ability to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position. *See Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983).  I consider each factor in turn.

      **1. LINA's Culpability or Bad Faith**

      "A losing party may be culpable . . . without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault. . . . Such conduct normally involves something more than simple negligence. . . . [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose.'" *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253, 256-257 (3d Cir. 1994) (alterations in original)(quoting Black's Law Dictionary (6th ed. 1990)).  Thus, "culpability is less than bad faith and more than mere negligence." *Addis*

*v. Ltd. Long-Term Disability Program*, No. 05-357, 2006 U.S. Dist. LEXIS 57856, *3 (E.D. Pa. Aug. 3, 2006).

LINA argues that an award of fees is not appropriate here because the court did not find bad faith and because it "appears" LINA was at most negligent, which is insufficient to support fees. Negligence is not the only alternative to bad faith – indifference to repeated error may trigger a fee award. As Heim points out, I found that LINA improperly failed to consider Heim's treating physician's opinion that she was disabled; improperly required objective evidence when the plan did not set forth such a requirement; failed to provide an IME when it was requested and then relied on non-examining doctors even where plaintiff's disabilities were not subject to objective testing; and failed to review the full range of Heim's job requirements or relate those requirements to her diagnoses.

I find that LINA's conduct was culpable and weighs in favor of an award of fees. *See e.g., DuPerry v. Life Ins. Co. of N. Am.*, 632 F.3d 860, 877 (4th Cir. 2011) (upholding award of attorneys' fees where district court found LINA demonstrated culpability "in its dismissal of [plaintiff's] subjective complaints without meaningful inquiry"); *Haisley v. Sedgwick Claims Mgmt. Servs.*, No. 08-1463, 2011 U.S. Dist. LEXIS 111826, *14-15 (W.D. Pa. Sept. 29, 2011) (finding culpability in defendant's conduct where it denied plaintiff's claim based solely on reports of non-examining medical consultants, failed to request an IME, and ignored award of social security disability benefits); *Brown v. Cont'l Cas. Co.*, No. 99-6124, 2005 U.S. Dist. LEXIS 16681, *4-5 (E.D. Pa. Aug. 11, 2005) (finding defendant was culpable where it insisted plaintiff was not disabled "because she had not provided 'medical evidence' of her disability – apparently meaning objective test results or concrete physical findings – despite the fact that

fibromyalgia, by definition, may offer no such evidence [and] the plan did not require it").

### 2. LINA's Ability to Satisfy an Award

LINA does not dispute its ability to pay a fee award and courts in this district have found LINA is capable of paying such an award. *See e.g., Matson v. AXA Equitable Life Ins. Co.*, No. 10-5361, 2011 U.S. Dist. LEXIS 105477,*10 (E.D. Pa. Sept. 15, 2011).

### 3. Deterrent Effect

Heim argues that an award of fees will encourage attorneys to represent clients who are wrongfully denied benefits and that fees should be granted so that Heim's award of benefits is not reduced by the cost of having to retain counsel to obtain her disability payment. *See e.g., Beauvais v. Citizens Fin. Group, Inc.*, 418 F. Supp. 2d 22, 33 (D.R.I. 2006) (finding an award of attorney's fees was necessary to make plaintiff whole because it "would be a pyrrhic victory, indeed, if [plaintiff] were awarded the benefits that were improperly denied but was required to pay, from the benefits, the attorney's fees incurred in pursuing the appeal").

LINA argues that an award of fees in this case will not have a deterrent effect because "it believed it made the right decision." It argues that an award of fees "cannot change LINA's contractual and fiduciary obligations to act in a way it believes is appropriate and fair." Persistence that one's cause is appropriate and fair, however noble a virtue, crumbles into culpability when shown time after time to be inappropriate and unfair.

Here, LINA did not act appropriately and other courts have awarded fees in the hope of deterring LINA, and other insurance companies, from ignoring subjective complaints and insisting on objective medical evidence where the policy did not require it. *See e.g., DuPerry*, 632 F.3d at 877 (upholding award of attorneys' fees against LINA and finding "awarding

attorneys' fees may produce a deterrent effect by encouraging plan administrators to inquire more meaningfully into disability claims that rely on subjective complaints of pain"); *Glunt,* 2012 U.S. Dist. LEXIS 35710 at *8-10 (awarding fees where LINA ignored plaintiff's doctors' assessments of her restrictions and failed to consider the tasks of her job when determining if she could perform the duties of her occupation because it may "deter plan administrators from wrongfully denying benefits and selectively considering evidence in the medical record")*; Music v. Prudential Ins. Co. of Am.*, 05-cv-1223, 2007 U.S. Dist. LEXIS 77771, *8-9 (M.D. Pa. Oct. 19, 2007) (finding deterrent effect where "Prudential gave unreasonable weight to the opinions of physicians who did not physically examine [plaintiff], and it arbitrarily limited claims to disorders that involved only 'objectively verified symptoms'" because a "fee award would deter Prudential from such conduct in the future"). *But see, Matson v. AXA Equitable Life Ins. Co.*, No. 10-5361, 2011 U.S. Dist. LEXIS 105477, *21, 29-30 (E.D. Pa. Sept. 15, 2011) (declining to award fees even though the court found LINA was wrong where it "merely sought to poke holes in the evidence [plaintiff] introduced without marshaling any of its own" because LINA was not *required* to conduct an IME or "to accept without investigation the disability determination of a claimant's doctor").

      LINA's continued improper denials of legitimate claims in the face of numerous adverse rulings and awards of attorney's fees does not justify a finding that fees cannot have a deterrent effect.  Indeed, at some point sticking to your position no matter what the law says becomes culpable conduct.

      LINA also argues there is no potential for deterrence because since "the benefits at issue here are modest [$29,668.32], it would have been much simpler for LINA to simply pay the

4

benefits rather than fight and pay counsel to litigate the claim." This argument ignores, however, the economic benefit to LINA when legitimate claims are denied and the participants do not appeal the denial. It also ignores the cost of attorney's fees which are otherwise borne by the plaintiff who was forced to hire counsel to receive the benefits to which she was entitled. Requiring LINA to pay attorneys' fees in cases such as this one should have a deterrent effect and I can hope that it will.

      The potential deterrent effect of a fee award favors Heim.

      **4. Benefit on Members as a Whole**

      Heim's claim was solely for her personal benefit and not on behalf of any other plan participants. However, courts have found that an award of fees on an individual claim may nonetheless benefit other insureds. For example, in *Glunt*, the court found that because the facts of plaintiff's case were not unique, "LINA's future consideration of all available and relevant medical evidence would benefit all plan members." 2012 U.S. Dist. LEXIS 35710 at *11. Noting its consideration of other cases "involving LINA's impermissible denial of benefits under ERISA," including *Matson*, the court found "that a common benefit among plan members is achieved when LINA properly considers medical evidence in the record, thereby reducing the need for costly and time-consuming litigation to achieve the proper outcome." *Id. Cf. Addis*, 2006 U.S. Dist. LEXIS 57856 at * 7 (finding that factor was neutral where plaintiff pursued claim on her own behalf and there was a potential, indirect benefit to plan members by way of putting company on notice to ensure "future claims are given adequate and fair consideration").

      I find this factor favors an award of fees.

### 5. Relative Merit

LINA concedes that because Heim has succeeded on the merits, her claim is at least "slightly favorable." Indeed, to recover attorneys' fees, the plaintiff must be the prevailing party and so will always have the better argument. The relative merits of the parties' positions thus does not ask whether the plaintiff's position is more meritorious, but by how much more merit the plaintiff's position is relative to the defendant's. *See Addis,* 2006 U.S. Dist. LEXIS 57856 at *3.

LINA argues that fees should not be awarded because its denial of benefits "was not without merit" when it "decided that Plaintiff did not show she was unable to perform the duties of her occupation as a registered nurse." However, I found that LINA never considered what those duties were and failed to analyze Heim's ability to perform those duties in light of her medical restrictions – restrictions that LINA improperly rejected as unsupported by objective evidence. LINA's argument therefore has very little, if any merit, in comparison to Heim's claim and this factor favors an award of fees. *See e.g., Glunt*, 2012 U.S. Dist. LEXIS 35710 at *11 (finding the relative merit favored an award of fees where LINA did not conduct an IME, "failed to comprehensively review the medical record and failed to consider how [plaintiff] could perform the duties of the typical phlebotomist"); *Matson*, 2011 U.S. Dist. LEXIS 105477 at *10 (finding the relative merit weighed against LINA where LINA discredited plaintiff's doctors and failed to perform an IME).

### 6. Computing Award of Attorneys' Fees

LINA does not challenge the hourly rate or experience of Heim's counsel. LINA does, however, challenge 1.3 hours of time billed to researching punitive damages, 8.6 hours incurred

by Heim's co-counsel, and 11.5 hours attributed to calculating disability benefits.

Heim concedes that the 1.3 hours of research on punitive damages is not recoverable because such damages are not permitted under ERISA. I will therefore deduct $214.50 from the requested fee award.

LINA argues it should not have to pay for co-counsel's time to review the docket and the file and for the 3.5 hour meeting with co-counsel to discuss the case. Heim argues that co-counsel was retained for the firm's experience with LINA and was integral to its successful briefing on the applicable standard of review and argument for the payment of benefits. LINA asserts that the meeting and the 4.8 hours reviewing a 497-page claim file and 0.3 hours reviewing the docket of the case are not unreasonable. I agree.

LINA concedes that some time should be allotted for calculating Heim's benefits, but asserts that 11.5 hours "seems excessive." LINA does not suggest what amount of time would be reasonable, address which of the numerous individual billing entries of plaintiff's counsel that relate to the calculation of benefits were excessive, or otherwise provide the court with guidance on what a reasonable allocation of time would be. Heim's counsel provided detailed descriptions of the time spent that appear reasonable, explaining that 1.5 hours was initially devoted to review emails from Heim regarding the benefit calculation, review the insurance company's benefit calculation sheet, and perform a first calculation; an additional 3.3 hours running new calculations to compare to those provided by the insurance company and determine the present value, and one hour reviewing the calculations and confirming the insurance company's calculation. In addition, counsel noted various entries regarding correspondence with Heim and with co-counsel to discuss the benefits calculation in preparation for settlement discussions. I

find these expenses were reasonable and not excessive.

For the reasons set forth above, I find that an award of fees is appropriate in this case. I will award the requested fees minus the $214.50 that Heim concedes should be deducted. An appropriate order follows.